**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSHUA HARDY, Individually and for
Others Similarly Situated,

    Plaintiffs,

v.                                                                                                    No. 1:24-cv-826-SDM-JMR

AUDUBON FIELD SOLUTIONS, LLC, and
AUDUBON ENGINEERING COMPANY, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 27, 2024, Defendants Audubon Field Solutions, LLC, and Audubon Engineering Company, LLC (collectively, "Defendants" or "Audubon Companies") moved to dismiss under Fed. R. Civ. P. 12(b)(2), or alternatively, to transfer venue to either the Southern District of Texas, Houston Division, or the Eastern District of Louisiana, New Orleans Division (Doc. 10). Plaintiff Joshua Hardy ("Plaintiff" or "Hardy") opposed (Doc. 15). For the reasons explained below, the Court GRANTS Defendants' motion to transfer venue to the Southern District of Texas, Houston Division, and DENIES as moot Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2).[1]

### I.    Background

On August 20, 2024, Plaintiff brought this class and collective action lawsuit to recover unpaid wages and other damages from the Audubon Companies under the Fair Labor Standards

---

[1] Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) relies on an asserted lack of personal jurisdiction. Doc. 10, at 3-9; Doc. 17, at 1-6. Defendants concede that this suit could have been filed in the Southern District of Texas, Houston Division, and in doing so, concede that personal jurisdiction over them exists in that District and division. *See* Doc. 17 at 7-8; *see also* Doc. 10 at 1 n. 1 (arguing that the District of New Mexico lacks personal jurisdiction over Defendants, and noting, "[t]ransfer of this case avoids the potential lingering issue of whether the [Fair Labor Standards Act] claims of a nationwide opt-ins are properly brought here, as opposed to in the Southern District of Texas, Houston Division…")

Act ("FLSA"), 29 U.S.C. § 201 et. seq., and the New Mexico Minimum Wage Act ("NMMWA"), N.M.S.A. §§ 50-4-20 et. seq.  Hardy asserts that he was hired as an Inspector by the Defendants and employed in Texas and New Mexico, but misclassified as an independent contractor, and thus not paid overtime compensation in violation of FLSA and the NNMSA.  *See* Complaint, Doc. 1, *e.g.*, ¶¶ 2-10, 17-20, 51-112.  Specifically, Hardy asserts that he was employed as a lead inspector in "Texas and New Mexico" from approximately June 2022 from March 2024, without reference to the comparative time of employment in each state.  *See* Doc. 1 ¶¶ 2, 17, 55, 86-87.[2]

Plaintiff asserts that the Audubon Companies are both Louisiana limited liability companies headquartered in Metairie, Louisiana, which Defendants do not dispute.  Doc. 1, ¶¶ 28-31; Doc. 10, at 1.  Plaintiff resides in Gregg County, Texas, according to the cover sheet attached to his complaint (which Plaintiffs do not dispute in their response).  Doc. 1, Exh. 2; Doc. 10, at 13; Doc. 17, at 8.

Defendants provide in support of their motions a declaration by Travis Cusimano, a Vice President of Inspection, Construction Management and Renewable Services for Audubon Field Solutions, LLC.  Doc. 10, Exh. 1.  Mr. Cusimano's declaration asserts the following.

Mr. Cusimano worked in Audubon Field Solutions' Houston, Texas office from November 2018 through August 2024.  Doc. 10, Exh. 1, ¶¶ 3-4.[3]  In or around May 2022, Audubon Field Solutions began staffing a temporary project called the Oxy Asset Registry Project.  Doc. 10, at 2; Ex. 1, at ¶ 5.  The work of this project occurred in New Mexico and Texas.  *Id*.  On May 26, 2022, Plaintiff and Audubon Field Solutions negotiated and executed a

---

[2] Defendants neither dispute this nor add clarification to the comparative time of employment. *See* Doc. 10, at 3, and Exh. 1, at ¶ 5.
[3] Mr. Cusimano currently works in Audubon Field Solutions' Metairie, LA office.  Doc. 10, Exh. 1, ¶ 4.

General Services Agreement ("GSA") for Plaintiff's services for this project with Mr. Cusimano while Mr. Cusimano worked in Houston. Doc. 10, at 2-3; Ex. 1, at ¶¶ 5-7. Payments to Plaintiff under the agreement were processed and distributed by employees working for Audubon Field Solutions in either its Houston or Metairie offices. Doc. 10, at 3; Ex. 1, at ¶ 8.

Mr. Cusimano's declaration additionally asserts that "relevant documents and individuals knowledgeable of Audubon's employment policies that apply to Audubon's employees work in Audubon's Houston, Texas office." Doc. 10, Ex. 1, at ¶ 9 (Laura Theard, Audubon's Manager of Treasury and Payroll, and Libby Wilkins-Rivas, the Senior Human Resources Director, "reside and work for Audubon in Houston, Texas and have relevant knowledge regarding any pay policies and practices as applied to employees of Audubon in this matter.").

## II.    Applicable Law

The question of venue "is generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Under 28 U.S.C. § 1391, "venue is not limited to the district with the *most* substantial events or omissions." *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165 (10th Cir. 2010) (emphasis in original) (hereinafter *Bartile Roofs*). This provision "instead 'contemplates that venue can be appropriate in more than one district ... [and] permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts.'" *Id.* at 1166, *quoting Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)). Defendants do not challenge that venue is proper in the District of New Mexico (aside from Defendants' challenges to personal jurisdiction under Fed. R. Civ. P. 12(b)(2), *see* Doc. 10, at 3-9).

Even if venue is proper, a district court may still consider "a motion to transfer [venue] under [28 U.S.C.] § 1404(a)." *Atl. Marine Constr. Co.*, 571 U.S. at 59. This provision states in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a

3

district court *may* transfer any civil action to any other district or division where it might have been brought." § 1404(a) (emphasis added). "[C]ourts have considerable discretion in determining whether or not to grant a transfer." *Stephens v. Alliant Techsystems Corp.*, 714 F. Appx 841, 845 (10th Cir. 2017) (unpublished), *citing Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121 (10th Cir. 2003) (observing that the Tenth Circuit "will not overturn [a transfer] decision unless it was a clear abuse of discretion"); *see also Bartile Roofs*, 618 F.3d at 1170 (concluding that "the district court did not abuse its discretion in denying [a] motion to transfer" because the denial did not qualify as "arbitrary, capricious, whimsical, or manifestly unreasonable" (quotation omitted)).

"[A] district court considering a § 1404(a) motion ... must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. In the Tenth Circuit, courts weigh various "discretionary factors" when evaluating the convenience of parties and witnesses, including in relevant part:

> "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical."

*Bartile Roofs*, 618 F.3d at 1167, *citing Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

4

### III.     Analysis

Based on the record before it, this Court finds that Defendants have met their burden to establish that the District of New Mexico is inconvenient, and that transfer is warranted to the Southern District of Texas, Houston Division, for the convenience of the parties and witnesses and in the interest of justice.[4]

Defendants primarily ground their arguments on the convenience of the witnesses.[5] "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Bartile Roofs*, 618 F.3d at 1169 (quotation omitted). "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.*, citing *Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir. 1992). Defendants identify two witnesses with knowledge of Defendant's employment practices that reside in Houston and work in Defendants' Houston office. Doc. 10 at 3, 11-13.

Plaintiff counter-argues that Defendants have not met *Bartile Roofs*' third factor by demonstrating that these two witnesses were unwilling to come to trial, their deposition testimony would be unsatisfactory, or that compulsory process would be necessary. Doc. 15, at

---

[4] While the parties' briefing and this decision do not address all of the factors set forth in *Bartile Roofs*, 618 F.3d at 1167, the balance of caselaw supports transfer based on the factors that the parties have briefed and the facts that the parties have brought out.

[5] Relatedly, Defendants argue that most of the relevant documents regarding Defendants' employment practices are located in Houston. Doc. 10, at 11-13. Plaintiff does not specifically dispute this, nor does Plaintiff point to other relevant facts located in New Mexico. Doc. 15, at 9-12. This consideration also favors Defendants. *See Bartile Roofs*, 618 F.3d at 1167 (guiding courts to consider "the accessibility of witnesses and *other sources of proof*") (emphasis added). Defendants also note that its representative negotiated the contract with Plaintiff in Houston. *See Am. Prop.-Mgmt. Corp.*, 2017 WL 6558577, at *4 (granting transfer, and noting that although "New Mexico is Plaintiff's principal place of business, nothing in the record suggests that the contract for insurance coverage was executed in New Mexico").

10-11.  In support, Plaintiff cites *Dahl v. Petroplex Acidizing, Inc.*, 2023 WL 315640 (D.N.M. Jan. 19, 2023), which denied a motion to transfer venue based in part on defendants' inability to meet that factor.  *Dahl*, 2023 WL 315640, at *6-7.  However, as Defendants point out, courts in this district, in weighing all the relevant factors, have not strictly required compliance with the third sub-factor of the convenience-of-witnesses factor.[6]  Doc. 17 at 9; *see Am. Prop.-Mgmt. Corp. v. Liberty Mut. Grp., Inc.*, 2017 WL 6558577, at *4 (D.N.M. Dec. 22, 2017) ("the Court is not persuaded that a narrow focus on the willingness or unwillingness of witnesses to travel to New Mexico is warranted here").  Additionally, neither party has pointed to any witnesses for which New Mexico would be more convenient (including Plaintiff).[7]  *Compare Am. Prop.-Mgmt. Corp.*, 2017 WL 6558577, at *6 (collecting cases granting transfer where a "majority" of witnesses resided in the transferee district).

Plaintiff primarily bases his argument against transfer on courts' deference to a plaintiff's choice of forum.  Doc. 15 at 10.  "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Bartile Roofs*, 618 F.3d at 1167 (quotation and alterations omitted).  "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.*  As Defendants point out, Plaintiff resides in

---

[6] Defendants also note that § 1404(a) does not explicitly require a showing that witnesses are unable to come to trial or participate in the litigation process for transfer to be granted.  Doc. 17 at 8-9.  As one court in the district stated, "[t]he only real limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a) is the requirement that the new forum be a 'district or division where [the case] might have been brought.'"  *Tap Rock Res., LLC v. Marathon Oil Permian LLC*, 704 F. Supp. 3d 1194, 1198 (D.N.M. 2023), *citing* 28 U.S.C. § 1404(a).

[7] Defendants also point out that both parties' counsel are based in Houston.  Doc. 10 at 14.  Some district courts have noted this as a consideration favoring transfer, if slight.  *See Spires v. Hospital Corp. of America*, 2006 WL 1642701, at *4 (D. Kan. June 8, 2006) (considering "relative convenience for the witnesses, parties, and attorneys" in its consideration of forum convenience).

Gregg County, Texas, which is much closer to Houston than New Mexico.  Doc. 10 at 13; Doc. 17, at 9.

Defendants persuasively cite to precedent in this Circuit indicating that Plaintiff's choice of New Mexico "warrants less deference." *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 426 (10th Cir. 2006), *quoting Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998).  "When the plaintiff is foreign, the private and public interest factors need not so heavily favor the alternate forum." *Id.*; *see also Baker v. Watson*, 2023 WL 8697827, at *2 (D. Kan. Dec. 15, 2023), *citing*, *e.g.*, *Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC*, No. Civ.A. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005) (Plaintiffs' choice of forum is given "much less weight in ruling on a discretionary transfer motion" if the plaintiff's choice of forum is not his residence).

Plaintiff counter-argues that because Hardy worked for Defendants in New Mexico and alleges that Defendants violated New Mexico law, "this New Mexico controversy" should "be resolved in this New Mexico Court."  Doc. 15 at 11.  However, the Tenth Circuit has held this factor is "less significant because federal judges are qualified to apply state law."  *Bartile Roofs*, 618 F.3d at 1170.

Plaintiffs do not point to other factors militating against transfer.  Doc. 15 at 9-12.

### IV.    Conclusion

The Court finds that Defendants have met their burden to establish that transfer is warranted to the Southern District of Texas, Houston Division.  Having so concluded, the Court denies as moot Defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**IT IS THEREFORE ORDERED** that Defendants' motion to transfer venue to the Southern District of Texas, Houston Division is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Southern District of Texas, Houston Division.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**